NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1422
_____

JOHN L. BUDZASH,
Appellant

v.

HOWELL TOWNSHIP; PATRICIA HOOVER, Code Enforcement Officer; JAMES
BURDICK, Code Enforcement Officer; CHRISTIAN JACKSON, Code Enforcement
Officer; ROBERT GRIETZ, Howell Prosecutor; 1-20 JANE AND JOHN DOES,
Individuals who participated with named defendants in this matter
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court  No. 3-08-cv-02583)
District Judge: The Honorable Garrett E. Brown, Jr.
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2011

Before: SCIRICA, SMITH, and JORDAN, *Circuit Judges*

(Filed: November 17, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Appellant John L. Budzash, proceeding pro se, appeals from an order of the

United States District Court dismissing his civil rights claims as time-barred and

declining to exercise supplemental jurisdiction over various New Jersey state law claims.[1] We will affirm in part, reverse in part, and remand for further proceedings.

Budzash filed his original pro se complaint on May 27, 2008, naming as defendants his neighbor Richard Bjornsen, several Howell Township employees, a municipal court judge and the municipal court, a state prosecutor, the Howell Township Police Department, and various Jane and John Does. With the assistance of counsel, an amended complaint was filed on November 14, 2008. In an order dated May 11, 2009, the District Court dismissed with prejudice the claims against the municipal court and the municipal court judge. A second amended complaint (hereafter referred to as the Complaint) was filed on June 1, 2009, identifying as defendants Howell Township, code enforcement officers Patricia Hoover, James Burdick, and Christian Jackson, Howell prosecutor Robert Greitz, neighbor Richard Bjornsen, and Jane and John Does.

At the heart of Budzash's complaint is that his neighbor Bjornsen is friends with both Burdick, who is a code enforcement officer and part-time police officer, and Hoover, another code enforcement officer, and that they are violating his civil rights because of his association with Tony Fulton, who is an African-American. Allegedly, in August of 2002, after Bjornsen saw Fulton on Budzash's property, Bjornsen called Burdick. Burdick then drove by Bjornsen's property and issued a "junk vehicle" citation to Budzash. In August of 2003, after Bjornsen again observed Fulton on Budzash's

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have final order jurisdiction under 28 U.S.C. § 1291. Our review of a district court's dismissal of an

property, Burdick issued another "junk vehicle" citation to Budzash. By November of 2003, Burdick had issued 12 more code citations. According to the Complaint, other property owners were issued citations for code violations after Fulton was observed on their property. Budzash opposed the code citations, and made requests under the Open Public Records Act (OPRA) to discover information to support his defense. He also alleged that Hoover filed a baseless stalking charge against him after learning of his OPRA request. Although Budzash was initially found liable on the citations, he eventually succeeded in having "all but one of the alleged violations" reversed.

In addition to the above allegations, Budzash averred that, in February of 2007, he filed a complaint with the Howell Township Police Department alleging harassment by Bjornsen. Hoover was allegedly present when he filed the complaint. After departing the station, Budzash stopped on the side of the road to check his vehicle because he noticed the odor of antifreeze. Burdick passed by Budzash while he was stopped. Thereafter, a Howell Township Police Officer issued a citation to Budzash for "failure to maintain lane."

According to the Complaint, in March of 2008, Bjornsen again allegedly observed Fulton on Budzash's property. Budzash filed his original complaint in the District Court on May 27, 2008. Two months later, Budzash received a citation for violating the Township's soil removal ordinance. This citation proceeded to municipal court. According to Budzash, Bjornsen had not been required to obtain the "soil fill" permit

---

action under Federal Rule of Civil Procedure 12(b)(6) is de novo. *Phillips v. Cnty. of*

even though he constructed a drainage ditch onto Budzash's property. Budzash's efforts to discover information under the OPRA were again ignored. Furthermore, between 2006 and 2008, Bjornsen threw debris and rubbish on Budzash's property and entered his property without permission.

Count I of Budzash's complaint alleges that "[s]tarting in 2002 and continuing through the present," Bjornsen and the municipal defendants have engaged in a continuing pattern of violating his rights under both the United States Constitution and the New Jersey Constitution "due to his affiliation with Tony Fulton an African American and/or in retaliation for attempting to access the Courts to redress and contest the Code Enforcement violations against him." According to Budzash, the defendants' actions, *inter alia*, deprived him of his right to due process under the Fourteenth Amendment, and retaliated against him in violation of his rights under the First Amendment. Count II alleged a conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985(2) and (3). In addition, Budzash alleged five other state law claims against various defendants.

The defendants moved to dismiss on the basis that Budzash's claims were barred by the statute of limitations. Budzash, through counsel, asserted that his claims were viable under the "continuing violation" doctrine.

The District Court determined that the continuing violation doctrine was not applicable. The Court reasoned that the allegations relating to 2002 and 2003 were

*Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

4

unrelated to the allegations regarding 2007 and 2008. It pointed out that there was a "definite break in the acts alleged following the 2003 litigation." Additionally, the Court concluded that Budzash "was aware of the wrongfulness of these actions and should have acted at that time and within the appropriate limitations period by filing a § 1983 claim." Although the claim based on the failure to obtain a soil removal permit occurred during the limitations period, the Court dismissed the claim stating that if Budzash "believes that the 2008 soil removal litigation warrants relief and forms a basis for a §1983 claim, then [Budzash] may bring a separate cause of action on that basis, so long as it complies with applicable statutes of limitations." The Court declined to exercise supplemental jurisdiction over the state law claims.

This timely appeal followed. Budzash's pro se brief does not cite any legal authority. Instead, Budzash argues that he established a continuing violation. Normally, the statute of limitations is a defense that cannot serve as a basis for granting relief under Rule 12(b)(6).[2] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). In *Oshiver*, however, we recognized that "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Id.* In *Cowell v. Palmer Township*, 263 F.3d 286 (3d Cir. 2001), we considered the applicability of the continuing violation doctrine in the context of a 12(b)(6) motion. There, the plaintiffs alleged in a

_____

[2] The applicable statute of limitations for Budzash's civil rights claims is governed by the state statute for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Accordingly, the limitations period is two years. *See* N.J. Stat. Ann. § 2A:14-2.

5

complaint filed in 1999 that the imposition of two municipal liens in 1992 and 1993 violated their right to due process. The plaintiffs argued that their claim was not time barred based on the continuing violation doctrine. *Id.* at 291. We disagreed. We acknowledged that the doctrine is an "'equitable exception to the timely filing requirement[.]'" *Id.* at 292 (quoting *West v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995)). We instructed that "[i]n order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is 'more than the occurrence of isolated or sporadic acts.'" *Cowell*, 263 F.3d at 292 (quoting *West*, 45 F.3d at 755). We further noted that

> courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

*Id.* at 292. *Cowell* instructs that the focus is on the "'continual unlawful acts, not continual ill effects from an original violation.'" *Id.* at 293 (quoting *Ocean Acres Ltd. v. Dare Cnty. Bd. of Health*, 707 F.2d 103, 106 (4th Cir. 1983)).

We agree with the District Court that the claims based on the allegations in the Complaint regarding 2002 and 2003 are time-barred. There was a "definite break" between the citations issued in 2002 and 2003 and the issuance of the traffic citation in 2007 and the soil removal citation in 2008. Budzash focuses on the delays in the prosecution of the 2003 citations, which took more than a year, to tie the 2002-2003 events with the 2007-2008 events. But we conclude that the delays in adjudicating the

code citations were simply the ill effects of the original citations. *Cowell*, 263 F.3d at 293. In our view, the issuance of 13 citations should have "trigger[ed]" Budzash's "awareness of and duty to assert his[] rights" in a timely fashion. *Cowell*, 263 F.3d at 295. Because he failed to timely assert his rights, we agree with the District Court that the claims arising in 2002 and 2003 were time-barred and were appropriately dismissed.

The dismissal of the claims based on the facts which allegedly occurred in 2007 and 2008, however, is puzzling as the statute of limitations obviously did not bar these claims. For that reason, we will reverse this portion of the District Court's ruling and remand for further proceedings.[3] We express no view as to the nature of Budzash's claims or whether his claims are sufficiently alleged as to each of the defendants.[4]

---

[3] We received an eleventh hour motion from Budzash to file a supplemental brief. We deny that motion.

[4] We note that Budzash does not allege, and cannot establish, a § 1983 malicious prosecution claim. A plaintiff basing a § 1983 claim on an allegedly malicious prosecution must establish both the common law elements of the tort and a "deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Budzash does not allege that he was deprived of his liberty as a result of the code violations.